## Weaver v. Weaver

*David J. Flower,* for plaintiff.
*Thomas G. Saylor, Jr.,* for defendant.

COFFROTH, *P.J.,* May 7, 1981—This divorce case brought under the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §101, is before us on plaintiff's petition for alimony pendente lite and counsel fees and expenses. At the hearing, we informed counsel that the claim for alimony pendente lite must be filed in the domestic relations department and be processed there as a support case, as heretofore, notwithstanding adoption of the present Di-

vorce Code. See Thomas v. Thomas, 39 Somerset 157 (1981).

The petition alleges no actual or specific expense which plaintiff has paid or is required presently to pay; the petition alleges merely the generality that "plaintiff will be put to considerable expense in the preparation of her case in the employment of counsel and the payment of costs." Consequently, plaintiff is not now entitled to an order for payment of expenses: Dorazio v. Dorazio (No. 2), 33 Somerset 93 (1972).

The petition is also premature as regards allowance of a counsel fee. The record status of the case is that a divorce complaint was filed on September 11, 1980; on the same date a petition for leave to proceed in forma pauperis was filed and granted; and on the same date the pending petition was filed. No other formal procedures have been taken. At the hearing we were informed that the parties are hung up on property and financial matters and that counsel for plaintiff had expended approximately 12 hours in professional services to plaintiff. Assuming that the respective financial abilities of the parties will entitle plaintiff to an award of counsel fees against defendant, the present petition for such fees is premature under Weimer v. Weimer, 7 D. & C. 3d 1, 35 Somerset 91 (1978).

It is argued that Weimer, supra (and Dorazio, supra) are decisions which antedate the 1980 Divorce Code and therefore are no longer valid. We fail to understand how that can be in light of the fact that both section 46 of the Divorce Law of May 2, 1929, P.L. 1237, as amended, 23 P.S. §46, and section 502 of the Divorce Code of 1980, which respectively govern allowance of alimony pendente lite, counsel fees and expenses under those statutes, read precisely the same. By all principles of

statutory construction, both must be construed the same and therefore Weimer, supra, is still valid and we so held in Thomas, supra, and so is Dorazio.*

Moreover, the facts of this case demonstrate the practical wisdom of Weimer which prohibits advance allowance of counsel fees and piecemeal allowance of counsel fees; otherwise our court will be regularly hearing and deciding petitions for counsel fees before the case is anywhere near resolution of any phase. So doing is a waste of judicial and professional resources; what's more, it opens the door to abuse (not unknown in the past) for use of the petition and award of counsel fees for purposes of strategy and leverage often unrelated to the merits of the case.

We reaffirm Weimer and Thomas.

### ORDER

Now, May 7, 1981, plaintiff's petition for alimony, counsel fees and expenses is denied as premature, without prejudice to renewal thereof for counsel fees and/or expenses at the proper time.

---

*Divorce Law, 23 P.S. §46 (repealed), provides in relevant part as follows: "In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

Section 502 of the Divorce Code of 1980 provides that: "The court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses."